IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Securities Intermediary, | 4:21-CV-3118 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| AMERITAS LIFE INSURANCE CORP., | |
| Defendant. | |

This matter is before the Court on the defendant's motion for relief from default judgment (filing 29). That motion will be granted. This matter is also before the Court on its own motion, with respect to a mirror-image case pending in the U.S. District Court for the District of New Jersey.

The procedural history of this case, at least in this Court, isn't complex. The plaintiff filed its complaint (filing 1) on June 14, 2021. Service of process was effected on June 16, 2021. Filing 9. The defendant's answer was due on July 7, *see* Fed. R. Civ. P. 12(a)(1), but no answer was filed. On July 26, the plaintiff prematurely moved for default judgment, so the Court denied that motion but directed the Clerk to enter the plaintiff's default. Filing 19; filing 21. Notice of the clerk's entry of default was mailed to the defendant on July 27. Filing 22. The defendant still didn't appear, so on August 10, when the plaintiff again moved for default judgment, the Clerk entered judgment for a sum certain pursuant to Fed. R. Civ. P. 55(b)(1). Filing 23; filing 24. The defendant appeared through counsel only three days later, and promptly

moved to set aside the judgment. Filing 26; filing 27; filing 28; filing 29. The plaintiff opposes that motion. Filing 34.[1]

RELIEF FROM DEFAULT JUDGMENT

The Court may set aside a final default judgment under Fed. R. Civ. P. 60(b). *See* Rule 55(c). Here, the defendant relies on Rule 60(b)(1), which permits the Court to set aside a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Filing 30 at 15-21.[2] "Excusable neglect" is understood to encompass situations in which failure to comply with a deadline is attributable to negligence. *Jefferson v. Hicks*, 364 F. App'x 281, 283 (8th Cir. 2010). There are two components: (1) neglect (2) that's excusable. *U.S. Commodity Futures Trading Comm'n v. Kratville*, 796 F.3d 873, 896 (8th Cir. 2015). The neglect in this case is obvious—the question is whether it can be excused.

Whether a party's neglect of a deadline is excusable is an equitable decision turning on all relevant circumstances surrounding the party's omission. *Jefferson*, 364 F. App'x at 283. And—although inadvertence, ignorance of the rules, or mistakes construing the rules do not *usually*

───────────────

[1] The Court notes that the plaintiff's brief opposing relief from default was filed out of time, with the Court's leave. *See* filing 33. Nor did the plaintiff offer any explanation for its failure to timely file, other than simply making a mistake. *See* filing 32. It takes a lot of "_____" to mistakenly miss a deadline and then seek leave to file out of time when the belated filing is a brief opposing the other side's request for relief from the consequences of mistakenly missing a deadline. The Court will simply observe that while the plaintiff may be disappointed with this ruling…the Court's grace has extended to both parties.

[2] The defendant also relies on Rules 60(b)(4) ("the judgment is void") and (b)(6) ("any other reason that justifies relief"), *see* filing 30 at 15, but in view of its conclusion that the defendant has shown excusable neglect, the Court need not comment on those other potential grounds for relief.

constitute excusable neglect—it's clear that excusable neglect is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the movant's control. *Id.* Factors to be considered include the danger of prejudice to the plaintiff, the length of the delay and its potential impact on judicial proceedings, the reason for the delay (including whether it was within the reasonable control of the movant), and whether the movant acted in good faith. *Id.*; *see Kratville,* 796 F.3d at 896. Those factors don't carry equal weight—the reason for delay is the key factor. *Kratville,* 796 F.3d at 896. And, with a default judgment, whether the defaulted party appears to have any meritorious defenses is also relevant. *Jefferson,* 364 F. App'x at 283.

Here, the defendant has explained that its registered agent did not timely receive service of process because of gaps in its internal mail handling, occasioned by changes made because of the COVID-19 pandemic. Its was certainly not the only office (this Court included) forced to improvise during the pandemic, and the Court is sympathetic to the problems that may have caused. When well-established workflows must be set aside, and communication among employees is disrupted, it's understandable—perhaps even inevitable—that mistakes would be made. While this does not fully exonerate the defendant, it's understood that relief from a default may be available even when the failure to comply with a deadline is attributable to negligence. *Ceridian Corp. v. SCSC Corp.,* 212 F.3d 398, 403 (8th Cir. 2000). And the Eighth Circuit has distinguished between contumacious or intentional delay or disregard for deadlines and procedural rules, and a "'marginal failure'" to meet pleading or other deadlines. *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir. 1998). This is such a "marginal failure." *See id.*

Accordingly, the Court finds that the defendant has sufficiently explained the reason for its delay in responding to the complaint in this case,

3

and that the defendant acted in good faith.[3] The Court also finds no basis for concluding that the plaintiff has been prejudiced in a "concrete way," *see Stephenson v. El-Batrawi*, 524 F.3d 907, 915 (8th Cir. 2008)*,* given that "prejudice may not be found from delay alone or from the fact that the defaulting party will be permitted to defend on the merits." *Johnson*, 140 F.3d at 785. Nor is there any reason to believe the delay will affect the proceedings. And the Court agrees with the defendant that it has demonstrated several potentially meritorious defenses, *see* filing 30 at 17-19: there is at least "some possibility that the outcome after a full trial will be contrary to the result achieved by the default" *see Stephenson v. El-Batrawi*, 524 F.3d 907, 914 (8th Cir. 2008).[4] As a result, the Court will grant the defendant's motion for relief.

PARALLEL LITIGATION

In view of its conclusion that this case *may* proceed, the Court is required to consider whether it *should*. As noted by the parties, this case is a mirror image of the defendant's first-filed suit against the plaintiff in the U.S. District Court for the District of New Jersey (case no. 2:21-cv-2136 in that court).

---

[3] The plaintiff appropriately concedes that there is no evidence the defendant acted in bad faith. Filing 34 at 10.

[4] The plaintiff argues at some length that the defendant has failed to proffer *evidence* to demonstrate that it has a meritorious defense. Filing 34 at 10-16. The Court declines the plaintiff's attempt to try the merits of this case at this point. Evidence is one way to show a meritorious defense. *E.g. Johnson v. Leonard*, 929 F.3d 569, 574 (8th Cir. 2019). A pleading is another. *E.g. Grant v. City of Blytheville, Ark.*, 841 F.3d 767, 772-73 (8th Cir. 2016). But generally, while "bald allegations without the support of facts underlying the defense" will not suffice, the defendant simply needs to present "a sufficient elaboration of facts or evidence to permit the district court to determine whether, if believed, the defenses were meritorious." *Stephenson*, 524 F.3d at 914. That standard is amply met here.

Generally, federal courts are obliged to exercise the jurisdiction given them. *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976). But where federal courts are simultaneously exercising jurisdiction over the same matter, one federal court may defer to another based on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Id.*

In deciding whether to abstain from one of two concurrent federal proceedings, "no precise rule has evolved." *Brewer v. Swinson,* 837 F.2d 802, 804 (8th Cir. 1988) (citing *Colo. River,* 424 U.S. at 817). Instead, where identical issues are raised in cases pending in different federal courts, the general principle is to avoid duplicative litigation. *Id.* In doing so, "the determining factors should be equitable in nature, giving regard to wise judicial administration." *Id.* The Court has "ample" discretion in deciding to stay or dismiss a proceeding based on duplicative federal litigation. *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.,* 342 U.S. 180, 183-84 (1952)

The threshold issue in determining whether to abstain due to the pendency of concurrent federal proceedings is whether the proceedings are, in fact, "duplicative" or "parallel." *Ritchie Capital Management, L.L.C. v. Jeffries,* 849 F. Supp. 2d 881, 888 (D. Minn. 2012). There's little doubt about that here. And the well-established rule is that in cases of concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case. This first-filed rule is not intended to be rigid, mechanical, or inflexible, but is to be applied in a manner best serving the interests of justice. The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply. *Northwest Airlines v. American Airlines,* 989 F.2d 1002, 1005 (8th Cir. 1993). And here, the New Jersey suit was filed months earlier.

Compelling circumstances may be shown by certain "red flags," such as where the facts suggest that the first-filing party acted in bad faith or raced to the courthouse to preempt a suit by the other party. *Id.* at 1007. The Eighth Circuit has identified two additional red flags signaling potentially compelling circumstances: first, where the first suit was filed after the other party gave notice of its intention to sue and, second, where the first action was for declaratory judgment rather than for damages or equitable relief. *Boatmen's First Nat. Bank of Kansas City v. Kansas Public Employees Retirement System*, 57 F.3d 638, 641 (8th Cir. 1995). And when considering what to do with parallel cases, courts look by analogy to the "balance of convenience" and "interest of justice" factors set forth in 28 U.S.C. § 1404(a), which governs transfers. Courts may depart from the first-filed rule when those factors weigh in favor of keeping the case in the second court. *See Terra Int'l, Inc. v. Miss. Chem. Corp.*, 922 F. Supp. 1334, 1348-50 (N.D. Iowa 1996).

But at present, the Court has little information or argument to assist it in applying those propositions (other than to say that at the very least, it's not obvious that the later-filed Nebraska case *should* take precedence). One key question is whether the New Jersey court can exercise personal jurisdiction over the plaintiff—the plaintiff alleges it can't, filing 1 at 6, and the parties have briefed that question extensively in a motion to dismiss currently under submission in New Jersey.

The first step, then, is for the New Jersey district court to decide whether it can exercise personal jurisdiction over the plaintiff. If it decides it can't, then perhaps the defendant will elect to accept that ruling and proceed here. And if New Jersey decides to exercise jurisdiction, perhaps the plaintiff will elect to (prudently) transfer this case or dismiss it in favor of that one. But, should the plaintiff's motion to dismiss be denied and both parties try to forge ahead in

6

their respectively chosen fora, then this Court and the New Jersey court will need to resolve which case should take precedence (perhaps on an appropriate motion to transfer from one of the parties, or perhaps *sua sponte*).

In any event, however, the fully-briefed jurisdictional motion in New Jersey should be decided first. Accordingly, on its own motion, the Court will stay this case pending that decision. The Court will direct the plaintiff, Wells Fargo (as the moving party in New Jersey) to provide the Court with regular status reports on the pendency of its motion and to promptly advise the Court when that motion is decided.

IT IS ORDERED:

1.    The defendant's motion for relief from default judgment (filing 29) is granted.

2.    The Clerk of the Court shall reopen this case.

3.    The Clerk's Entry of Default (filing 22) and Default Judgment (filing 24) are set aside.

4.    This case—including the defendant's deadline to answer or otherwise respond to the plaintiff's complaint—is stayed pending a decision on the motion to dismiss submitted to the U.S. District Court for the District of New Jersey in *Ameritas Life Ins. Corp. v. Wells Fargo Bank*, case no. 2:21-cv-2136.

5.   The plaintiff shall advise the Court every 30 days of the status of its New Jersey motion to dismiss and shall, when that motion is decided, promptly notify this Court.

6.   The Clerk of the Court is directed to flag this case as stayed, and set an initial status report deadline of October 27, 2021.

Dated this 27th day of September, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge