IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Securities Intermediary,<br><br>Plaintiff,<br><br>vs.<br><br>AMERITAS LIFE INSURANCE CORP.,<br><br>Defendant. | 4:21-CV-3118<br><br>ORDER |

    This matter is before the Court on dueling motions relating to mirror-image litigation filed in the U.S. District Court for the District of New Jersey (case no. 2:21-cv-2136 in that court). The plaintiff, Wells Fargo, wants to stay in Nebraska. The defendant, Ameritas Life Insurance Corp., would prefer to litigate in New Jersey.[1] Wells Fargo has moved the New Jersey court to stay the New Jersey case in favor of permitting the Nebraska to proceed, and has asked this Court to stay this case until the New Jersey court decides what to do. *See* filing 46. Well Fargo's New Jersey motion to stay, it's expected, will be submitted in that court on or about March 21, 2022. For its part, Ameritas opposes staying the Nebraska case, and would rather this Court simply dismiss or transfer its case to New Jersey without waiting for the New Jersey court to decide anything. *See* filing 48.

---

[1] It's somewhat odd that Wells Fargo is so determined to stay in Nebraska, given that Wells Fargo seems to have no greater presence in Nebraska than in New Jersey, and Ameritas' national headquarters is literally only about 3½ miles from this Court. One suspects that Wells Fargo is less interested in litigating in Nebraska than it is simply in litigating somewhere other than New Jersey. But whether Wells Fargo is forum-shopping is a question that, as explained below, should be tackled first by the New Jersey court.

This Court has already explained the rules with respect to duplicative litigation in federal court: in short, it's discouraged. *See* filing 36 at 5-6. But the principles of comity and judicial administration that suggest when deference is appropriate are complicated. *See id*. And the threshold question is, who gets to decide who decides? Someone has to go first. (The better to avoid inconsistent decisions, and our respective cases passing one another somewhere in Indiana.)

In this instance, it's evident that the New Jersey district court's familiarity with this case—having already decided a dispositive motion predicated on personal jurisdiction in New Jersey—puts it in a far better position to evaluate the parties' related arguments with respect to duplicative litigation. Simply put, the New Jersey court, having already considered in some detail whether jurisdiction is appropriate in New Jersey, can more readily determine whether venue is appropriate in New Jersey as well. And while the "first-filed" rule is not automatic, it at the very least suggests that it's appropriate for the first court in which concurrent jurisdiction attaches to consider whether to continue exercising that jurisdiction. *See Northwest Airlines v. American Airlines,* 989 F.2d 1002, 1005 (8th Cir. 1993).

Accordingly, the Court concludes—after informally consulting with Judge Cecchi's chambers in New Jersey—that the New Jersey court should have the first opportunity to decide whether the New Jersey case should proceed, or whether to stay that case in favor of this Court's case.

IT IS ORDERED:

1. The plaintiff's motion to stay (filing 46) is granted.

2

2. This case—including the defendant's deadline to answer or otherwise respond to the plaintiff's complaint—is stayed pending a decision on the motion to stay submitted to the U.S. District Court for the District of New Jersey in *Ameritas Life Ins. Corp. v. Wells Fargo Bank*, case no. 2:21-cv-2136.

3. The plaintiff shall advise the Court every 30 days of the status of its New Jersey motion to stay, beginning 30 days after the anticipated March 21, 2022 submission of its motion to the New Jersey court, and shall promptly notify this Court when that motion is decided.

4. The Clerk of the Court is directed to flag this case as stayed, and set an initial status report deadline of April 20, 2022.

5. The defendant's motion to dismiss or transfer (filing 48) is denied <u>without prejudice</u> to reassertion upon the New Jersey district court's disposition of the plaintiff's motion to stay.

Dated this 22nd day of February, 2022.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
United States District Judge

3