## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Securities Intermediary,<br><br>Plaintiff,<br><br>v.<br><br>AMERITAS LIFE INSURANCE CORP.,<br><br>Defendant. | No. 4:21-cv-03118-JMG-CRZ<br><br>**PROTECTIVE ORDER** |

WHEREAS, the parties to the above-captioned action (the "Litigation") are engaged in discovery proceedings, which include, among other things, producing documents, responding to interrogatories, and taking depositions; and

WHEREAS, those discovery proceedings may involve the production of certain information that the parties to the Litigation (the "Parties," each a "Party") believe to be confidential, as defined below.

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, that this Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given, or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

1.  A party producing Discovery Material in this Litigation, including any third-party producing Discovery Material in this Litigation subject to a subpoena (hereinafter, a "Producing

1

Party"), may designate any Discovery Material they have themselves produced as "Confidential" under the terms of this Stipulation if such Producing Party has good cause to believe that such Discovery Material satisfies the definition of Confidential Discovery Material.

2. Confidential Discovery Material is defined as, and shall be limited to, any Discovery Material that the Producing Party reasonably believes contains: (1) trade secrets, (2) proprietary information, including, but not limited to, competitively sensitive technical, marketing, financial, or sales information, (3) third-party confidential material, (4) other non-public business or financial information, or (5) private or confidential personal information.

3. Confidential Discovery Material shall not include (i) information in the public domain; (ii) information already known by the Receiving Party through proper means; (iii) information that is or becomes publicly available in substantially the same form in which it is produced; (iv) information that is voluntarily de-designated by the Producing Party; and (v) information that is or becomes available to a party from a source other than the party asserting confidentiality and rightfully in possession of such information on a non-confidential basis.

4. The designation of Discovery Material as Confidential Discovery Material shall be made in the following manner:

   A. In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" in the file or directory name, or by affixing the legend "Confidential" to the media containing the Discovery Material *(e.g.,* CD-ROM, DVD).

  B. In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony, which designation will remain in effect for 10 business days after the final version of the transcript is made available by the court reporter with respect to such deposition or testimony, and only those portions of the deposition or transcript that are designated by written notice within 10 business days after the final version of the transcript is made available by the court reporter will continue to be treated as Confidential Discovery Material; or (ii) by written notice, sent to all Parties within 10 business days that the final version of the deposition or other pretrial testimony is made available by the court reporter; provided that only those portions of the transcript designated by written notice as Confidential Discovery Material shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

  C. In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material.

5. The designation of Discovery Material as Confidential Discovery Material shall constitute a representation by the Producing Party that such Discovery Material has been reviewed by an attorney representing the Producing Party, and that the Producing Party reasonably believes that there is good cause for such designation.

6. The Parties agree to make every effort to only designate specific Discovery Material which is Confidential, and therefore, Confidentiality designations shall be limited, to the extent possible, to only those Discovery Materials that satisfy the definition herein on Confidential

Discovery Material. If it comes to a Producing Party's attention that information or items that it designated for protection do not qualify for protection, that Producing Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

7. Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential, by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential Discovery Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" shall exercise reasonable efforts (i) to ensure the return or destruction of such Discovery Material, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" when originally produced, and (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Order.

8. Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A. The Parties and the directors, officers, employees, general partners, limited partners, and in-house counsel of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation;

B. The beneficial owner of the Policy at issue in this Litigation (the "Beneficial Owner") and its investment manager, investment advisor, asset manager or any direct or indirect parent, subsidiary or affiliate of any of the foregoing together with their directors, officers, employees, general partners, limited partners, and in-house counsel (the "Beneficial Owner Non-Parties"), who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation;

C. Counsel who represent Parties or the Beneficial Owner Non-Parties in this Litigation (including in-house counsel), and any of their partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation;

D. Experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service

5

vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

  E. Witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

  F. Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting;

  G. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

  H. Mediators and their staff who have signed an undertaking in the form attached as Exhibit A hereto;

  I. Professional jury or trial consultants, mock jurors, and Professional Vendors who have signed an undertaking in the form attached as Exhibit A hereto;

  J. Any regulatory agency or body having jurisdiction over the Receiving Party; and

  K. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

9. To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

10. Notwithstanding Paragraph 8(D) above, Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel in this Litigation, provided that such expert or consultant is using said Discovery Material solely in connection with this Litigation, and further provided that such expert or consultant agrees to be bound by the terms of this Stipulation by signing an undertaking in the form attached as Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof. Under no circumstances shall an expert or consultant who is a competitor or an employee of a competitor of a Party be provided access to Confidential Discovery Material absent further order of the Court or consent of the Producing Party. "Competitors" are persons or entities endeavoring to engage in the same or similar lines of business, provide the same or similar services, and/or sell the same or similar products as well as any persons who are actually engaged in any of these activities.

11. Notwithstanding Paragraph 8(E) above, Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation.

12. Every person to whom Confidential Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Confidential Discovery Material, or information derived

7

therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing (or which has previously issued) a subpoena to a non-Party shall enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

13. Challenges by a Party to Designation of Confidential Discovery Material. The designation of Discovery Material as Confidential Discovery Material is subject to challenge by any party. The following procedure shall apply to any such challenge.

    A. During the pendency of the Litigation, any Party may object ("Objecting Party") to the designation of any Discovery Materials as Confidential Discovery Material, by identifying for the designating Party ("Designating Party") the disputed Discovery Materials and providing the basis for contending that the Discovery Materials are not properly designated as Confidential Discovery Material. If the parties cannot resolve the objection through good faith efforts, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice. If a written motion and briefing are necessary, the Discovery Material in dispute shall be filed under restricted access pursuant to the court's electronic docketing procedures. The party that produced the information designed as Confidential bears the burden it was proving it was properly designated. The party challenging a Confidential designation must obtain a court order before disseminating the information to anyone other than those individuals contemplated in Section 8 herein.

    B. While such a motion is pending, the Discovery Materials in question shall be treated as Confidential Discovery Material pursuant to this Order. If the Court determines that any documents or information are not properly designated as Confidential

8

Discovery Material, the Parties will continue to treat the Discovery Material as Confidential Discovery Material for a period of fourteen (14) calendar days following entry of such order, during which time the Designating Party may apply to the Court for a stay of such order pending appeal. If such an appeal is taken and/or such motion is made, then the Parties shall continue to treat the Discovery Material as Confidential Discovery Material until any such appeal and/or motion is resolved. If no such appeal is taken and/or no such motion for a stay pending appeal is made, the confidential treatment of the Discovery Material shall end at the expiration of the fourteen (14) calendar day period.

      C.     If the Designating Party is unsuccessful in defending the designation of Discovery Materials as Confidential Discovery Material, the Producing Party shall produce a new version of the documents without the "Confidential" notation and, if necessary, file and serve an amended public version of any court papers that were filed under seal with the Court because it was claimed to contain Confidential Discovery Material.

14.     Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, shall not:

      A.     Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information its considers not subject to discovery;

      B.     Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

      C.     Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

D.  Prejudice any party from offering Discovery Material designated as Confidential at trial or at any hearing or oral argument, subject to the Federal Rules of Evidence; provided, a party agreeing to the entry of this order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the court for an order that Discovery Material designated as Confidential be reviewed *in camera* or under other conditions to prevent unnecessary disclosure.

E.  Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation;

F.  Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

G.  Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

H.  Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

I.  Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

15. This Stipulation has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Confidential Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Confidential Discovery Material; or (ii) impose any restrictions on the use or disclosure by a person of documents, materials, or information

designated as Confidential Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

16. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product or other applicable privilege or immunity. Nothing in this Protective Order is meant to displace Federal Rule of Civil Procedure 502(b).

    A. A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

    B. A claim of inadvertent production made by the Producing Party must identify the specific portions of the Discovery Material which are privileged or otherwise immune from production and the basis for that claim, and the Producing Party shall, within 14 calendar days of its notice, reproduce the non-privileged portions of the remaining Discovery Material by redacting the Inadvertent Production Material.

17. If a claim of inadvertent production is made, pursuant to this Stipulation, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested, promptly make a good-faith effort to

return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

18. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material, under the procedures set forth in Section 13 herein. However, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion shall not include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

19. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

20. In the event additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

21. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

22. Prior to any court proceeding in which Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

23. This Stipulation shall continue to be binding after the conclusion of the Litigation and all related proceedings, except that a Party may seek the written permission of the Producing Party for relief from the provisions of this Stipulation on notice to all Parties, but the Producing Party shall be under no obligation to provide any such relief and may insist upon strict adherence to the requirements imposed by this Stipulation.

24. Within 30 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, motions, exhibits, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof to the extent that such material constitutes or contains Confidential Discovery Material and shall not disclose such court papers, motions, exhibits, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

25. If any person in possession of Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process issued in other civil litigation seeking the production or other disclosure of Confidential Discovery Material produced or designated as "Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party (or Producing Parties) within ten business days of receipt of such Demand (or if a response to the Demand is due in less than ten business days, at least 24 hours prior to the deadline for a response to the Demand), identifying and enclosing a copy of the Demand. In no event unless under a legal requirement to act sooner shall the Receiver produce or disclose any Confidential Discovery Material until at least three (3) business days have elapsed since providing written notice to the Producing Party and all other Parties of the Demand unless the Receiver is prohibited by law, or court or regulatory order, from providing such notice. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation.

26. No Receiver shall reveal any Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Stipulation. In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to

the Receiver's attention, that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

27. The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Order.

28. Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this Order who becomes subject to a motion to disclose another party's information designated as Confidential Discovery Material pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

29. Filing Under Seal and Permission to Restrict. A Party seeking to file a brief, motion, or other document which contains or summarizes Confidential Discovery Material in this Action shall (i) file under seal, as set forth in Rule 7.5 of the Local Civil Rules for the District of Nebraska, or (ii) file a Motion for Permission to Restrict, contemporaneously with said brief or motion, and file all of the attachments which contain Confidential Discovery Material as restricted documents. The filing of a Motion for Permission to Restrict does not prejudice any Party from later challenging the Confidential designations therein.

| | |
|---|---|
| */s/ Christopher M. Schmidt* | */s/ Joel D. Heusinger* |
| Christopher M. Schmidt, # 26096 | Joel D. Heusinger, No. 18326 |
| Randall L. Goyette, # 16251 | Audrey R. Svane, No. 25830 |
| BAYLOR EVNEN, LLP | WOODS AITKEN LLP |
| 1248 O Street, Suite 600 | 301 South 13th Street, Suite 500 |
| Lincoln, NE 68508 | Lincoln, Nebraska 68508 |
| (402) 475-1075 | Telephone: (402) 437-8500 |
| cshmidt@baylorevnen.com | Facsimile: (402) 437-8558 |
| rgoyette@baylorevnen.com | jheusinger@woodsaitken.com |
| | asvane@woodsaitken.com |
| Joseph M. Kelleher (*pro hac vice forthcoming*) | |
| Nicolas A. Novy (*admitted pro hac vice*) | Julius A. Rousseau, III (*pro hac vice*) |
| Chase A. Howard (*pro hac vice forthcoming*) | James M. Westerlind (*pro hac vice*) |
| COZEN O'CONNOR | Andrew Dykens (*pro hac vice*) |
| 1650 Market St., Suite 2800 | ARENTFOX SCHIFF LLP |
| Philadelphia, PA 19103 | 1301 Avenue of the Americas, Fl. 42 |
| (215) 665-2000 | New York, New York 10019 |
| jkelleher@cozen.com | Telephone: (212) 484-3900 |
| nnovy@cozen.com | jule.rousseau@afslaw.com |
| chasehoward@cozen.com | james.westerlind@afslaw.com |
| | andrew.dykens@afslaw.com |
| *Attorneys for Defendant, Ameritas Life Insurance Corp.* | *Attorneys for Plaintiff, Wells Fargo Bank, N.A., as Securities Intermediary* |

SO ORDERED, the ___11th___ day of ___April___, 2023.

_____
Cheryl R. Zwart,
United States Magistrate Judge

16

# EXHIBIT A

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Securities Intermediary,<br><br>Plaintiff,<br><br>v.<br><br>AMERITAS LIFE INSURANCE CORP.,<br><br>Defendant. | No. 4:21-cv-03118-JMG-CRZ<br><br>**PROTECTIVE ORDER** |

### AGREEMENT TO BE BOUND BY
### PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1. My address is _____

_____.

2. My present employer is _____ and the address of my present employment is _____

_____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and I will comply with all provisions of the Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential Discovery Material or any words, summaries, abstracts, or indices of Confidential Discovery Material disclosed to me.

6. I will limit use of Confidential Discovery Material disclosed to me solely for purpose of this Action.

7. No later than the final conclusion of the case, I will return all Confidential Discovery Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____    Signed: _____
                                Print Name: