# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WELLS FARGO BANK, N.A., as Securities Intermediary,<br><br>    Plaintiff,<br><br>v.<br><br>AMERITAS LIFE INSURANCE CORP.,<br><br>    Defendant. | Case No.: 4-21-cv-03118<br><br>**AGREED ESI AND DOCUMENT PRODUCTION ORDER** |

Plaintiff Wells Fargo Bank, N.A., in its capacity as securities intermediary ("Securities Intermediary")[1] and Defendant Ameritas Life Insurance Corp., hereby agree to the following protocol for production of electronically stored information ("ESI") and paper ("hard copy") documents. Subject to protective orders in the above-captioned action (the "Action"), this protocol governs all production in the matter.

The parties agree to cooperate in good faith to address issues relating to the disclosure or discovery of ESI.

The parties agree to exchange the search terms, custodians and time periods used for ESI searches conducted in connection with responding to document requests. The requesting party may propose search terms, custodians, or time periods for the producing party to use as part of its reasonable effort to locate documents responsive to document requests. If the parties disagree about the appropriate search parameters, they shall meet and confer on the same. If the parties are unable to resolve the dispute, after reasonable efforts to do so, either party may promptly raise the dispute with the Court. Notwithstanding the foregoing, if the parties are unable to agree to search terms, the producing party will produce responsive and non-privileged documents based upon search terms not in dispute and either party may seek assistance of the court regarding any search terms in dispute.

---

[1] At all times herein Wells Fargo Bank, N.A. acts solely in its capacity as a securities intermediary on behalf of its client and does not act in its individual capacity. *See e.g.*, Neb. Rev. Stat. Ann. § 8-102(a)(14) (defining the role of a securities intermediary).

1

After conferring on these matters, the parties each agree to the following standard protocol ("Protocol") regarding the discovery of ESI in this Action. To the extent this Protocol does not address certain issues, those issues remain open for resolution in a separate protocol, either negotiated by the parties or ordered by the Court. Nothing in this Protocol alters a party's rights, obligations and responsibilities under the Federal Rules of Civil Procedure; the manner of production of ESI is to be governed by Federal Rule of Civil Procedure 34(b)(2)(E), unless otherwise described herein. Pursuant to the Federal Rules of Civil Procedure, each party will bear the cost for the collection, searching, review and production of their own reasonably accessible hard copy documents and ESI hereunder, absent a showing of good cause to apportion costs.

Documents shall be produced as follows:

General Document Image Format.

- Page level Group IV TIFF images for B&W images @ 300 DPI
- Page level JPEG format images for color items @ 300 DPI; but color documents for which only the email footer or other similarly inconsequential information is in color may be produced in black and white.
- In the event information is redacted, regardless of format, images will be clearly labeled to show that material has been redacted.
- TIFF or JPEG images should match the page level PRODBEG number, and placed in a separate image folder labeled "Images."

Image linking load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

Parent-child relationships. The association between an attachment and its parent document must be preserved in such a way that a document and any attachments to that document are produced in the same production set and are identifiable as parent and child.

Footer. Each image is to be endorsed with a unique serial ("BATES") number. The BATES number shall not obscure any information in the image and placed in the

lower right corner. Any other endorsement, such as a confidential stamp, should be placed in the lower left corner.

Native files. If an electronic document cannot be produced accurately in the TIFF image format, a TIFF slip sheet shall be produced for each such document. The slip sheet shall include a notation of the incompatibility. The parties agree that all spreadsheets (including but not limited to Microsoft Excel files), video files, or audio files may be produced in native format in lieu of TIFF. Documents produced in native format should have extracted text/OCR provided. The native files should named after the corresponding PRODBEG number, and placed in a separate folder labeled "Natives."

Hard copies. All hard-copy documents will be produced in a manner that to reflect accurate document unitization including all attachment and container information.

No Backup Restoration Required. Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

Non-Production of Certain ESI. The parties agree that in the event that either party claims that production of any form of electronically stored information is unduly burdensome, they will meet and confer regarding whether that discovery should be had, with either party having the right to seek Court intervention if an agreement cannot be reached.

Load files and metadata. IPRO LFP or Opticon (OPT) image load file named after the CD/delivery volume for images and document boundaries only. A separate metadata text file containing the fields below should also be included using standard Concordance delimiters (Comma = 020, Quote = 254, Newline/Return = 174). The load files should be placed in a separate folder labeled "Data."

The delimited metadata load file should include the following fields, if available:

| Field Name | Comment | Field Property | Characters | Description |
|---|---|---|---|---|
| ProdBeg | Unique ID | Paragraph | Unlimited | First page of a document. |
| ProdEnd | Unique ID | Paragraph | Unlimited | Last page of a document. |
| ProdBegAttach | Parent-Child | Paragraph | Unlimited | First page of a Parent Document |
| ProdEndAttach | Parent-Child | Paragraph | Unlimited | Last page of the last attachment to a parent document. |
| ProdAttachRange | Parent-Child | Paragraph | Unlimited | Attachment range. |

| Confidentiality | Designation | Paragraph | Unlimited | Confidential designation (e.g. Confidential, Highly Confidential, AEO, and etc.) |
|---|---|---|---|---|
| Redaction | Has redaction (on Document); has redaction (on Metadata) | | States whether a document or metadata of a document has been redacted | States whether a document or metadata of a document has been redacted |
| FileType | | Paragraph | Unlimited | The record type of a document. (e.g. Attachment, E-Mail, E-File etc.) |
| Parent_Date | | Date | MM/DD/YYYY | The date of a parent document. For attachments to e-mails, this field will be populated with the date sent of its parent e-mail transmitting the attachment. (GMT) |
| Sent_Date | | Date | MM/DD/YYYY | The date an email was sent (GMT). |
| Sent_Time | Time Sent | Paragraph | HH:MM:SS | The time an email was sent (GMT). |
| Create_Date | Date Created | Date | MM/DD/YYYY | The date an email or e-file was created (GMT). |
| Create_Time | Time Created | Paragraph | HH:MM:SS | The time a n email or e-file was created (GMT). |
| LastMod_Date | Date Last Modified | Date | MM/DD/YYYY | The date a e-file was last modified (GMT). |
| LastMod_Time | Time Last Modified | Paragraph | HH:MM:SS | The time a e-file was last modified (GMT). |
| Recvd_Date | Date Received | Date | MM/DD/YYYY | The date an email was received (GMT). |
| Recvd_Time | Time Received | Paragraph | HH:MM:SS | The time an email was received (GMT). |
| Author | Author Display Name | Paragraph | Unlimited | e-file |
| From | Sender | Paragraph | Unlimited | |
| To | Recipient | Paragraph | Unlimited | |
| CC | CC | Paragraph | Unlimited | |
| BCC | BCC | Paragraph | Unlimited | |
| Subject | E-mail Subject | Paragraph | Unlimited | |
| Orig_File_Name | Original file name | Paragraph | Unlimited | The original e-file name |
| Custodian | Owner of document | Paragraph | Unlimited | The custodian of a document (if applicable). |
| Attach_Count | Number of attachments | Paragraph | Unlimited | The number of attachments to a document. |
| File_Ext | File extension | Paragraph | Unlimited | The file extension of a document. (E.g. doc, pdf) |
| File_Size | File Size | Paragraph | Unlimited | The file size |
| MD5Hash | MD5 Hash Value | Paragraph | Unlimited | The MD5 Hash value or a digital signature. |
| EntryID or MSGID | E-mail ID | Paragraph | Unlimited | The value or a digital signature of e-mail |
| FilePath | | Paragraph | Unlimited | The full path to the file(s) at its original location. |
| Text_FilePath | Path to native text file(s) | Paragraph | 256 | The full path to text file(s) being produced. |
| Nat_FilePath | Path to native file(s) | Paragraph | 256 | The full path to native file(s) being produced. |

All time fields should be provided in GMT.

<u>OCR/Extracted Text</u>. All OCR or Extracted Text files will be provided on the document level for all documents produced and will be named after the

4

corresponding PRODBEG number with the extension of .txt, and placed in a separate folder labeled "Text."

No Obligation to Retain Post-Filing Backups. No party has any obligation to retain or produce information from any backup tapes and other backup media generated after the initiation of this case ("Post-Filing Backups"). The parties may continue the routine, good faith operation of their electronic information systems relating to Post-Filing Backups, including, but not limited to, recycling of backup tapes and rewriting of magnetic media. Nothing in this provision shall be construed to excuse a party's obligation to retain information in accordance with the Federal Rules of Civil Procedure and applicable case law.

Non-Party Documents. If any party serves a subpoena upon a non-party and receives documents in response thereto, the party serving the subpoena and receiving the documents will within 3 business days both notify the other parties that it has received such documents and provide copies thereof to the other parties to this Action. The parties agree that any document production received from a non-party shall be produced in the format in which it was received; provided, however, a receiving party may include a bates stamp to each page of the production, to the extent the production is not already bates stamped.

Deduplication. The parties agree to employ industry-standard deduplication procedures, within custodian for ESI that is not electronic mail, and across custodians for electronic mail, including, without limitation, MD5, SHA-1 and/or SHA-180 hash code comparison in order to avoid the production of documents that are complete duplicates of other documents already produced or selected for production. With respect to email, the parties agree to produce, to the extent reasonably possible, the version of email that identifies all recipients, including blind copy recipients. De-duplication will not break apart families and will be performed at a family level. In addition, the Parties recognize that this type of de-duplication may strip away information that could be used to prove or disprove whether an email or document was received or opened by a particular custodian. If a Party intends to argue that any document produced was not received or opened by a custodian identified on the document (e.g. a stated recipient of an email), the Parties agree that all versions, including duplicate versions, of that document will be produced.

Email Threading. In order to limit the volume of duplicative content produced from email threads, the parties may utilize email-threading analytics software to exclude "non-inclusive" emails or email families wholly contained and reviewed within later-in-time "inclusive" emails or email families, provided that the producing party

5

(1) treats all emails or email families that have unique content or attachments as inclusive email families that will not be excluded from production and (2) retains all non-inclusive email families that will be excluded from production in its review database, so that such messages can be produced upon a specific request by the receiving party for good cause shown. All emails or versions of emails that would be considered unique, including all communications with attachments in the e-mail thread, are to be produced.

Privilege Log.  To the extent that the producing party reasonably determines that one or more responsive documents are not discoverable because it is subject to a privilege or work product claim, then the producing party must produce a privilege and/or redaction log consistent with the requirements of the Federal Rules and Local Rules. Each redaction and the basis for the redaction will be indicated clearly.

Scope of Agreement.  The parties agree that this Protocol shall govern the conduct of ESI production with respect to the issues addressed in this Protocol.  The parties may, by written agreement, amend or otherwise modify this Protocol.  Nothing in this Protocol is intended to, or does, waive any objections to discovery or admissibility, or any other privileges or immunities or, except as specifically provided herein, impose obligations different than those contained in the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence.  The parties recognize that additional issues or unforeseen circumstances may arise in the course of discovery, and nothing in this Protocol is intended to, or does, restrict the ability of any party to request additional information or seek additional relief from the Court.  The parties each retain the right to seek exceptions, amendments or modifications to this Protocol from the Court.

IT IS SO ORDERED.

Dated:  April 11, 2023

*(signature)*

Cheryl R. Zwart, United States Magistrate Judge

6