IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WELLS FARGO BANK, N.A, as Securities Intermediary, | |
| Plaintiff, | 4:21-CV-3118 |
| vs. | MEMORANDUM AND ORDER |
| AMERITAS LIFE INSURANCE CORP., | |
| Defendant. | |

The plaintiff, Wells Fargo Bank, N.A., sued the defendant insurer, Ameritas Life Insurance Corp., seeking legal and equitable relief relating to a life insurance policy. The insurer has moved to dismiss the plaintiff's claim for promissory estoppel pursuant to Fed. R. Civ. P. 12(b)(6). Filing 75. The partial motion to dismiss will be denied.

# I. STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. While the Court must accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions

or a formulaic recitation of the elements of a cause of action will not do. *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When deciding a motion to dismiss under Rule 12(b)(6), the Court is normally limited to considering the facts alleged in the complaint. If the Court considers matters outside the pleadings, the motion to dismiss must be converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider materials that are necessarily embraced by the pleadings without converting the motion. *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). Documents necessarily embraced by the pleadings include those whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012).

## II. BACKGROUND

The plaintiff seeks damages related to a life insurance policy issued by Union Central Life Insurance, the insurer's predecessor-in-interest. Filing 1 at 4. The $4 million policy was issued to the Jerry Freid Irrevocable Trust, sited in New Jersey, insuring the life of Jerry Freid. Filing 1 at 4; filing 31-4 at 193. Freid was a 72-year-old New Jersey resident when the trust applied for the policy. Filing 31-4 at 192. The trustee signed the policy application in New Jersey, and the policy was effective as of September 2008. Filing 31-4 at 172, 198. The plaintiff, acting as a securities intermediary for a securities entitlement holder, became the owner and beneficiary of the Freid policy in 2011. Filing 1 at 4. By the time of Freid's death in 2020, the insurer had received $1,054,807.19 in premium payments. Filing 1 at 4, 6.

When Freid died, the plaintiff attempted to collect the $4 million death benefit. In response, the insurer filed an action in the U.S. District Court for the District of New Jersey, seeking a declaratory judgment that the policy was void for lack of an insurable interest. *See* filing 1 at 6; filing 1 in case no. 2:21-cv-2136 (D.N.J.). The plaintiff sued the insurer here. The Court stayed this case pending disposition of the earlier-filed suit. Filing 52. The New Jersey court has now determined that this case should take precedent, and stayed the New Jersey case pending the disposition of this suit based on the anticipation exception to the first-filed rule. Filing 69-2. This Court defers to the New Jersey court's determination.

Central to the parties' dispute is whether the Freid policy is an unlawful stranger-originated life insurance (STOLI) agreement, and the degree of culpability of the parties in fashioning such an arrangement. A STOLI policy, under New Jersey law, is void *ab initio. Sun Life Assurance Co. v. Wells Fargo,* 208 A.3d 839, 841 (N.J. 2019). According to the plaintiff, the insurer knew the Freid policy was void *ab initio* because the insurer participated in a criminal prosecution against insurance agents involved in a STOLI scheme which included the Freid policy. Despite this knowledge, the insurer continued to solicit and accept premium payments without any intention to pay the death benefit. Filing 1 at 6. The plaintiff seeks legal and equitable relief based on the insurer's alleged bad faith.

The insurer has asked this Court to dismiss only one of the plaintiff's claims—its promissory estoppel claim, styled as the plaintiff's "Third Cause of Action." *See* filing 75; filing 1 at 12. The insurer claims such equitable relief is unavailable under New Jersey law. To rule on the motion, the Court need only determine whether promissory estoppel is an available equitable remedy if the Freid policy was void *ab initio.*

3

III. DISCUSSION

CHOICE OF LAW

As a preliminary matter, the parties dispute which state's law applies to the plaintiff's claim for promissory estoppel. Generally, given the fact-intensive nature of such a determination, a choice-of-law analysis is premature in a motion to dismiss. *See Cantonis v. Stryker Corp.,* No. 09-cv-3509, 2011 WL 1084971, at *3 (D. Minn. March 21, 2011). But courts can decide which law applies at this stage of litigation when no additional facts are necessary to resolve the issue. *Pioneer Civ. Constr., LLC v. Ingevity Ark., LLC,* no. 1:22-cv-1034, 2023 WL 2353146, at *3 (W.D. Ark. Mar. 3, 2023); *see also Dorman v. Emerson Elec. Co.,* 23 F.3d 1354, 1357-58 (8th Cir. 1994).

A district court sitting in diversity applies the choice of law rules of the forum state. *Dorman,* 23 F.3d at 1358. Nebraska will generally give effect to the parties' choice of law. *See Vanice v. Oehm,* 526 N.W.2d 648, 651 (Neb. 1995); *Am. Nat'l Bank v. Medved,* 801 N.W.2d 230, 236-37 (Neb. 2011) (citing Restatement (Second) of Conflict of Laws § 187 (1971)). The insurance policy includes the provision, "This policy is subject to the laws of the state where the application is signed." Filing 31-4 at 189. The application was signed in New Jersey. Filing 31-4 at 198. So, pursuant to the contract's choice of law provision, New Jersey law applies to the parties' present dispute.

And even without the policy's choice of law provision, New Jersey law clearly governs the plaintiff's claim. Nebraska has expressly adopted the Restatement (Second) of Conflict of Laws to resolve the choice of law in contract disputes. *Johnson v. U.S. Fid. and Guar. Co.,* 696 N.W.2d 431, 441 (Neb. 2005) (citing § 188). The Court must determine which state has the most "significant relationship" to the transaction and the parties, based on the principles outlined in § 6 of the Restatement. The "most compelling factor" is the parties' justifiable expectations. *Id.* at 442. The Court will also consider the places of

4

contracting, negotiation, performance, subject matter of the contract, and the parties. *Id.* at 441.

New Jersey was the place of contracting and negotiation. The subject of the contract, Jerry Freid's life, was also in New Jersey. New Jersey represents the parties' justifiable expectations in which law would govern the policy. The *only* contact Nebraska shares with the Freid insurance policy is that Nebraska is the insurer's place of incorporation. And the insurer was not even an original party to the contract, so Nebraska law could not have been justifiably expected at the outset. *See id.* at 442.

No further factual development is necessary on this issue. *Cf. Pioneer Civ. Constr.,* 2023 WL 2353146, at *3. New Jersey law clearly controls.

PROMISSORY ESTOPPEL

The elements of promissory estoppel under New Jersey law are simple. To survive a motion to dismiss, a plaintiff need only allege facts which, if proven, would show a clear and definite promise, made with the expectation that the promisee would rely on it, and the promisee reasonably relied on that promise to their detriment. *See, e.g., Goldfarb v. Solimine,* 245 A.3d 570, 577 (N.J. 2021). The life insurance policy is plainly a promise, which the plaintiff, as alleged, reasonably relied upon. The detriment is the loss of the premium payments. The plaintiff has plainly made a case for promissory estoppel.

The parties' *actual* arguments go to what *damages* are recoverable under the plaintiff's claim. *See* filing 76, filing 80. The plaintiff seeks, under its estoppel theory, "the principal amount of the [p]olicy's death benefit," $4 million, plus applicable interest. Filing 1 at 14. The insurer argues such relief is unavailable for a case like this.

New Jersey law permits a plaintiff to recover reliance damages, and usually *not* benefit-of-the-bargain or expectation damages, in promissory estoppel actions. *See Goldfarb*, 245 A.3d at 578; *Sun Life,* 208 A.3d at 858 (citing 8 Williston on Contracts § 19:80 (4th ed. 2019)). "The essential justification for the promissory estoppel doctrine is to avoid the substantial hardship or injustice which would result if such a promise were not enforced." *Pop's Cones, Inc. v. Resorts Int'l. Hotel, Inc.,* 704 A.2d 1321, 1324 (N.J. Super. Ct. App. Div. 1998).

The plaintiff argues that a court, in the interests of equity and justice, may allow a "more innocent" party to actually enforce the terms of an illegal contract. Filing 80 at 8 (citing *McAllister v. McAllister Coal Co.,* 184 A. 716, 720 (N.J. Ch. 1936)); *see also* Williston § 19:80. A court may afford such equitable relief when the circumstances involve "imposition, oppression, duress, threats, undue influence, taking advantage of necessities or of weakness, and the like." *McAllister*, 184 A. at 720. And enforcing an illegal contract when one party is comparably more innocent is only justified when it is in the public interest. Williston § 19:80.

The Court must consider whether, first, enforcement of the agreement is necessary to avoid substantial hardship and injustice to the plaintiff, and second, whether allowing recovery of the plaintiff's expectation of an illegal STOLI agreement would protect the public interest. Based on the allegations in the complaint, such an extreme remedy is inapposite. Neither the insurer nor its predecessor-in-interest is alleged to have induced, in any way, the plaintiff to buy the life insurance policy. *See* filing 1 at 4. The plaintiff appears to argue that the insurer knew the policy was unenforceable, based on criminal proceedings it allegedly participated in, and the insurer continued to solicit and collect premium payments knowing it would reject the death benefit. But

the mere act of sending written communications regarding the policy to collect premium payments, in the normal course of business, does not rise to "imposition, oppression, duress, threats," or "the like." *Cf. McAllister,* 184 A. at 720.

Equitable relief is just that: equitable. Despite the plaintiff's contentions, *see* filing 80 at 11, equity does not involve *punishing* a wrongdoer by compelling a large, otherwise-unlawful payout. *Cf. id*; *Goldfarb,* 245 A.3d at 579; Williston § 19:80. No facts indicate what substantial hardship would be avoided if the plaintiff collects $4 million. Justice would be appropriately afforded by reliance damages premised on the premium payments. Neither party is entitled to a windfall stemming from an unlawful life insurance policy.

The insurer cites to various U.S. District Court for the District of New Jersey cases which summarily dismissed promissory estoppel claims, without much discussion. Filing 76 at 6. Those cases rest on the proposition that courts cannot enforce an agreement which is void for public policy. *See Lincoln Nat. Life Ins. Co. v. Retirement Value LLC,* No. 21-cv-20438, 2022 WL 17554986, at *9 (D.N.J. Dec. 9, 2022) (citing *Columbus Life Ins. Co. v. Wilmington Trust,* No. 20-cv-7959, 2021 WL 1712528, at *6 (D.N.J. Apr. 30, 2021)).

But this Court is not persuaded that this justifies granting the insurer's motion. The Court can't dismiss the plaintiff's promissory estoppel claim just because one of the remedies sought is impermissible. *See Goldfarb,* 245 A.3d at 579. The complaint provides a factual basis—if proved—for some damages arising out of the insurer's unfulfilled promise upon which the plaintiff reasonably relied. For these reasons, the insurer's motion to dismiss is denied, though the plaintiff's recovery on this claim, if any, would likely be limited based on the foregoing.

7

IT IS ORDERED: The insurer's motion to dismiss for failure to state a claim (filing 75) is denied.


Dated this 22nd day of September, 2023.


BY THE COURT:

John M. Gerrard
Senior United States District Judge